John H. Whitney, Appellant, v. Travelers Insurance Company, Appellee.

Gen. No. 40,740.

566

Opinion filed December 13, 1939.

JULIUS H. SELINGER, of Chicago, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; DAVID JACKER, JOSEPH M. TAUSSIG, JOHN M. O'CONNOR, JR. and WILLIAM H. SYMMES, JR., all of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff was an employee of the Stewart-Warner Corporation at its Chicago plant, and had been so employed for many years prior to December 22, 1933. That corporation had an arrangement with defendant whereby group insurance policies were issued covering employees who might wish to be insured under group policies. On December 22, 1933, plaintiff purchased a certificate of insurance, which provided for the payment of certain indemnities in the event of sickness or accident. On May 29, 1934, he became totally and permanently disabled by pulmonary tuberculosis, and since that time, has been confined as a permanent patient in the Municipal Tuberculosis Sanitarium of Chicago. At the time he became so disabled he was 44 years of age. On April 9, 1937, he filed his statement of claim in the municipal court of Chicago, based on the certificate of insurance, and alleging the above facts. He claimed accrued disability indemnities under the paragraph of the certificate, entitled, "Sickness," from the date of his disability to the date of filing suit, giving credit to the defendant for the sum

of $130, which he had received. Defendant answered that it had paid the sum of $130 under the certificate of insurance and thereby fully discharged its obligations under the certificate. Defendant filed a motion for summary judgment, which was allowed. There is no dispute as to the facts. This appeal is prosecuted from the action of the court in allowing the summary judgment.

The disagreement of the parties arises from their respective contentions as to the meaning of clause B in the certificate, which reads as follows:

"Sickness. (b) In the sum of Ten Dollars ($10.00) a week for the period of disability commencing during the continuance of said policy while the Employee is insured thereunder, during which he shall be wholly and continuously disabled and prevented by bodily disease from performing any and every duty pertaining to any occupation, but no indemnity shall be paid for the first week, or for more than thirteen consecutive weeks, of such disability, or for disability resulting from any disease for which he is not treated by a physician, nor shall more than thirteen weeks indemnity be paid in any event to an employee during any twelve consecutive months for disability suffered after his sixtieth birthday." Plaintiff insists that under the language quoted, he is entitled to receive indemnities for the duration of his total disability, and that he should not be deprived thereof, unless the terms of the policy clearly, distinctly and explicitly require it. He urges that the indemnity payments are not limited to a maximum of 13 consecutive weeks, and asks us to follow the rule laid down in the case of *Terwilliger v. National Masonic Accident Ass'n,* 197 Ill. 9, where, at p. 12, the court said:

"It is a familiar and universal rule that 'where the words in a contract of insurance are so framed as to leave room for construction, the courts are inclined to lean against that construction which will impair the

indemnity of the insured. If the clause in a policy is susceptible of two interpretations, that one will be adopted which is most favorable to the assured, in order to indemnify him for the loss which he has sustained.' "

Defendant concedes that the law of Illinois is that an ambiguous insurance contract is to be construed most strongly against the insurer. It points out, however, that the rule applies only in cases where reasonably intelligent men will honestly differ as to its meaning. It quotes from *Crosse v. Supreme Lodge Knights and Ladies of Honor*, 254 Ill. 80, p. 86, as follows: "The rule that ambiguous language is to be construed most strongly against the insurer does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." Defendant paid plaintiff under the policy on the basis of $10 a week for 13 weeks. The payments began after the first week of his disability. Plaintiff argues that he is entitled to the sum of $480 per year for each year of disability since May 29, 1934. He computes the amount by eliminating the first week, then claiming 13 consecutive weeks, eliminating the succeeding week, then again claiming 13 consecutive weeks, eliminating the succeeding week, and again claiming 13 consecutive weeks, eliminating the succeeding week and then claiming 9 consecutive weeks. Thus plaintiff claims indemnity for 48 weeks in each year.

We have carefully considered the pertinent language of the certificate and the arguments of counsel. We agree with the views of the defendant as to the meaning of the contract. The language is not ambiguous. The policy under which the certificate is issued (and which contains virtually the same language as the certificate), shows that it is designed to furnish a source of income to employees suffering temporary total disability, and that it is not designed to furnish indemnification for permanent total disability. Compensation

is to be paid at the rate of $10 a week. One week must elapse before indemnification payments commence. Recovery for any single disability is limited to 13 consecutive weeks. If an insured under 60 suffered several disabilities in a year, he could recover indemnification for 13 consecutive weeks as to each disability. Hence, an employee under 60 could recover more than $130 in any 12 consecutive months. However, the recovery of an insured over 60 would be limited to $130 in any 12 consecutive months. We are of the opinion that the certificate definitely limits the plaintiff to the recovery of indemnification for not more than 13 weeks for a single disability.

It appears that the plaintiff took out two additional certificates, which insured his life for the total amount of $1,500 and provided indemnification for permanent disability. It is stated that the plaintiff has been receiving $44 per month since the date of his disability under the additional policies. The purpose of exhibiting and commenting on the additional policies was to indicate that the plaintiff, in purchasing the insurance involved herein, did not expect to be paid permanent indemnification in the case of permanent total disability, having provided for such permanent indemnification under the other policies. We should not go outside of the language of the certificate which is the basis of the instant action, unless we conclude that such language is ambiguous. Having determined that the quoted language is unambiguous, we have not considered the extraneous matter.

We are of the opinion that the court was right in entering judgment for the defendant. Therefore, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN specially concurring: I agree with conclusion but not all that is said.